# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACKIE LYNN DAUGHERTY MAYO; and MELISSA KAYE MAYO, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. CIV-24-1279-D ) ) |
| CYNTHIA MAYO DECKARD, | ) ) |
| Defendant. | ) ) |

## ORDER

Before the Court is Defendant's Motion to Dismiss [Doc. No. 2]. Plaintiffs filed a response [Doc. No. 3], and Defendant's deadline to file a reply has expired. The Motion is fully briefed and at issue.

## BACKGROUND AND FACTUAL ALLEGATIONS

Plaintiffs brought this action in state court asserting various claims against Defendant, all of which stem from an apparent rift in the family. Plaintiff Jackie Lynn Daugherty Mayo is the mother of Plaintiff Melissa Kaye Mayo and Defendant Cynthia Mayo Deckard.[1] Compl. [Doc. No. 1-4], ¶ 5. In the First Amended Petition (the "Complaint"), Plaintiffs allege that, for many years, Jackie financially supported Cynthia and her family.[2] *Id.*, ¶¶ 6-8. But at some point, Jackie told Cynthia that she could no longer

---

[1] To avoid confusion, in this section the Court refers to the parties by their first names. However, the Court will generally refer to the parties as "Plaintiffs" and "Defendant."

[2] In keeping with federal-court practice, the Court refers to the First Amended Petition as the "Complaint."

keep providing financial support, which led to Cynthia and her family moving away. *Id.*, ¶ 9.

According to Plaintiffs, Cynthia now "stalks and trolls Plaintiffs in ways that are overtly threatening, harassing, and menacing." *Id.*, ¶ 10. Cynthia has allegedly engaged in an online smear campaign against Plaintiffs in an attempt to "interfere with and destroy Plaintiffs' relationships with friends, neighbors, and family members . . . ." *Id.*, ¶ 14. Plaintiffs attribute various statements to Cynthia, which include negative comments aimed at Jackie and/or Melissa. *See id.*, ¶ 16.

On November 4, 2024, Plaintiffs filed suit in Garvin County, Oklahoma District Court, and ten days later filed the instant Complaint. Cynthia timely removed the case to the Western District of Oklahoma, and shortly thereafter filed the instant Motion seeking dismissal of Plaintiffs' claims, as well as attorney fees for Plaintiffs' purportedly bad-faith litigation tactics.

## STANDARD OF DECISION

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court will accept as true all well-pled factual allegations and construe them in the light most favorable to Plaintiffs. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010).

A complaint "attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but it does need "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Instead, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

2

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] formulaic recitation of the elements of a cause of action" does not provide grounds of a party's entitlement to relief. *Twombly*, 550 U.S. at 555.

"[T]he tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 663; *see also Twombly*, 550 U.S. at 558 ("[O]n a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" (citation omitted)). Courts may "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

## DISCUSSION

As best the Court can tell, and based on the parties' briefing, Plaintiffs assert the following causes of action: (1) defamation; (2) harassment; (3) cyberbullying; (4) intentional infliction of emotional distress ("IIED"); and (5) assault. Defendant moves to dismiss each claim, so the Court addresses each in turn. The Court also addresses Defendant's request for attorney fees.[3]

---

[3] The Court is satisfied that the Complaint, as a general matter, complies with Fed. R. Civ. P. 8(a). Therefore, the Court analyzes each cause of action individually.

I. **Plaintiffs fail to state a claim for defamation, harassment, cyberbullying, or assault, but their IIED claim narrowly survives dismissal.**

 A. **Defamation**

Defendant argues Plaintiffs fail to state a claim for defamation for two reasons. First, Defendant contends none of the statements set forth in the Complaint "contain any identifying information relating to the Plaintiffs." Def.'s Mot. at 5. Second, Defendant argues that "none of the alleged statements contain any demonstrably false statements of fact." *Id.* at 6. In response, Plaintiffs point to the allegations at paragraphs 14-17 of the Complaint, which they contend satisfy each of the elements required to prove a defamation claim. Pls.' Resp. at 4. Further, Plaintiffs argue that, even assuming any given statement is couched as an opinion, such a statement can still be actionable in certain situations. *Id.* at 4-5.

To state a claim for defamation under Oklahoma law, Plaintiffs must show: "(1) a false and defamatory statement [concerning the plaintiff]; (2) an unprivileged publication to a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) either the actionability of the statement irrespective of special damage, or the existence of special damage caused by the publication." *Yates v. Gannett Co., Inc.*, 523 P.3d 69, 76 (Okla. Civ. App. 2022) (quoting *Trice v. Burress*, 137 P.3d 1253, 1257 (Okla. Civ. App. 2006)).[4]

Upon examination of the Complaint, the Court concludes that Plaintiffs fail to state a claim for defamation. Specifically, the Complaint contains no allegation addressing the

---

[4] *Yates* has been released for publication by order of the Court of Civil Appeals.

publication element set forth in *Yates*. Although one could perhaps assume that online comments were published to a third party, the Complaint contains no allegation tending to show as much. The Complaint need not contain detailed factual allegations that could only be known after discovery. But Plaintiffs clearly have access to information that would seemingly allow them to plausibly allege a defamation claim. Yet, they have not done so.[5]

**B.    Harassment**

Defendant argues Plaintiffs fail to state a claim for harassment, as there are no allegations tending to show that "a reasonable person would suffer substantial emotional distress from [Defendant's] alleged statements." Def.'s Mot. at 7. Plaintiffs, on the other hand, rely on the Oklahoma Protection from Domestic Abuse Act ("OPDAA") in arguing that Defendant's harassing course of conduct, and Plaintiffs' resulting "severe mental and emotional damages," constitute a plausible claim for harassment. *See* Pls.' Resp. at 5-6.

Although Plaintiffs invoke the definition of "harassment" used in the OPDAA, it is unclear to the Court whether a common-law cause of action for harassment exists under Oklahoma law. The OPDAA itself does not appear to provide a private right of action, instead setting forth procedures for individuals to obtain a protective order (or other similar, related orders) in Oklahoma state court. *See* Okla. Stat. tit. 22, § 60 *et seq*. This makes

---

[5] In their Response, Plaintiffs reference a claim for "invasion of privacy." That claim is not included in the Complaint, and it is the Complaint that controls. The Court does not address allegations, or claims, asserted only in a responsive pleading. *See Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) ("[I]n determining whether to grant a motion to dismiss, the district court, and consequently this court, are limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint.").

sense, as the OPDAA's "vital purpose" is to "prevent violence." *Holeman v. White*, 292 P.3d 65, 68 (Okla. Civ. App. 2012).[6]

Because it does not appear that a common-law cause of action for harassment exists under Oklahoma law, and because Plaintiffs provide no authority to the contrary, the Court concludes that Plaintiffs fail to state a claim for harassment. *See* 74 Am. Jur. 2d Torts, § 35 ("While some states recognize actions for civil harassment, harassment is not a recognized common-law tort in other jurisdictions." (internal footnote omitted)).

**C.    Cyberbullying**

Defendant argues that no cause of action for cyberbullying exists in Oklahoma, so Plaintiffs' claim should be dismissed. Def.'s Mot. at 7-8. Plaintiffs do not squarely address Defendant's argument, instead lumping their cyberbullying discussion in with the discussion of their harassment claim. *See generally* Pls.' Resp. at 5-6.

Upon examination of the Complaint, the Court concludes that Plaintiffs fail to state a claim for cyberbullying. Like Defendant, the Court is unaware of any common-law cause of action for cyberbullying, and the Court's research has not yielded any such cause of action under Oklahoma law. And to the extent Plaintiffs rely on a specific statute, it certainly is not mentioned in the Complaint or Plaintiffs' Response, and the Court will not venture to guess.

---

[6] *Holeman* has been released for publication by order of the Court of Civil Appeals.

**D.     IIED**

Defendant argues Plaintiffs fail to state a claim for IIED, primarily because Plaintiffs do not allege facts tending to show "severe emotional distress." *See* Def.'s Mot. at 8-9. Plaintiffs, on the other hand, point to their allegation that they have suffered "severe mental and emotional damages . . . including fear humiliation, distress, anxiety, and loss of enjoyment of life." Pls.' Resp. at 6.

To state a claim for IIED under Oklahoma law, Plaintiffs must show: "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." *Comput. Publ'ns, Inc. v. Welton*, 49 P.3d 732, 735 (Okla. 2002). Put differently, "[t]he tort requires evidence of extreme and outrageous conduct coupled with severe emotional distress." *Id.*

Upon examination of the Complaint, the Court concludes that Plaintiffs have alleged minimally sufficient facts to state a claim for IIED. Specifically, Plaintiffs allege Defendant's conduct is "extreme, outrageous, harassing, defamatory, malicious, threatening menacing, and bullying" in nature, which, in turn, has caused Plaintiffs "severe mental and emotional damages . . . including fear humiliation, distress, anxiety, and loss of enjoyment of life." Compl., ¶¶ 16-17. Presumably, discovery will reveal if the allegations are true, but, at this stage, the Court must treat them as such.

**E.     Assault**

Defendant argues Plaintiffs fail to state a claim for assault, as there are no allegations regarding Defendant's intent or that Plaintiffs were in imminent apprehension of harmful

7

or offensive contact. Def.'s Mot. at 9-10. In response, Plaintiffs argue that "Defendant posted Plaintiffs' addresses online, along with overtly threatening statements, which caused them to fear for their safety." Pls.' Resp. at 7.

To state a claim for assault under Oklahoma law, Plaintiffs must show:

1. [Defendant] acted either with the intent of making a [harmful/offensive] contact with the person of [Plaintiff], or with the intent of putting [Plaintiff] in apprehension of such a contact; and

2. [Plaintiff] was placed in apprehension of an immediate [harmful/offensive] contact with [his/her] person by the conduct of [Defendant]; or [Plaintiff] was caused to suffer fright and terror.

Okla. Unif. Jury Instruction 19.1 (emphasis removed).

Upon examination of the Complaint, the Court concludes that Plaintiffs fail to state a claim for assault. Simply put, there are no allegations in the Complaint tending to show Plaintiffs—either individually or collectively—were placed in apprehension of an immediate harmful or offensive contact with their person by the conduct of Defendant, or that they were caused to suffer fright and terror. Plaintiffs allege that Defendant posted information online that "could create danger to Plaintiffs," but such conclusory, and speculative, allegations fall well short of showing any sort of apprehension of an immediate nature.[7] *See* Okla. Unif. Jury Instruction 19.2 ("Apprehension is a state of mind created by the conduct of another which causes a person to feel that, considering all the

---

[7] To this end, Defendant's point is well-taken. Based on the examples included in the Complaint, it is difficult to imagine how Defendant's online posts could create apprehension of immediate harmful or offensive contact, when Defendant lives in South Carolina (and Plaintiffs live in Oklahoma).

circumstances, *[he/she]* will be subject to an immediate *[harmful/offensive]* contact by another person.").

## II. Defendant is not entitled to attorney fees.

Defendant claims she is entitled to attorney fees due to Plaintiffs filing this case in bad-faith and in retaliation for her state-court partition action. Def.'s Mot. at 10. Plaintiffs maintain that is not the case. Pls.' Resp. at 7-8.

On the current record, the Court cannot conclude that Plaintiffs have engaged in any sort of vexatious or bad-faith tactics. Therefore, this is not the "exceptional case[]" where the awarding of attorney fees is warranted. *See United States v. McCall*, 235 F.3d 1211, 1216 (10th Cir. 2000) ("We recognize a narrow exception to the American Rule, allowing a trial court to award attorney fees when a party's opponent acts in bad faith, vexatiously, wantonly, or for oppressive reasons." (internal quotation marks omitted)); *Cornwall v. Robinson,* 654 F.2d 685, 687 (10th Cir. 1981) ("An award of attorney's fees under the bad faith exception to the American rule is punitive, and the penalty can be imposed only in exceptional cases and for dominating reasons of justice." (internal quotation marks omitted)).

## CONCLUSION

For these reasons, Defendant's Motion to Dismiss [Doc. No. 2] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS THEREFORE ORDERED** that the following claims are **DISMISSED** without prejudice: (1) defamation; (2) harassment; (3) cyberbullying; and (4) assault. However, Plaintiffs' IIED claim remains.

**IT IS SO ORDERED** this 9th day of April, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge